IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNA BUMGARDNER, et al.[1],

    Plaintiffs,

vs.

JOHN KUPKA, et al.,

    Defendants.
                                     /

No. CIV S-06-mc-0061 WBS PAN (EFB)

<u>FINDINGS AND RECOMMENDATION TO DENY MOTION TO AMEND JUDGMENT AND FOR DISMISSAL FOR LACK OF JURISDICTION</u>

        "Plaintiff" Susan Vineyard ("Vineyard") initiated this miscellaneous action by filing a foreign judgment with this court. However, upon review of the documents filed by Vineyard, it appears that she does not actually seek to register a foreign judgment with this court. Rather, Vineyard, acting *in propria persona*, moves this court to amend a judgment issued from the U.S. District Court for the Southern District of Florida.

////

---

[1] Although "Donna Bumgardner, et al." is not the true plaintiff in this matter, the court finds it appropriate to refer to the case by this caption. This caption was issued by the Clerk when movant Susan Vineyard filed papers with this court on May 17, 2006. The first papers filed with this court related to a case from the U.S. District Court for the Southern District of Florida, and bore the caption appearing above. As explained in this order, "plaintiff" Susan Vineyard claims to be an assignee of judgment debtors from that Florida case and has filed with this court a motion to amend that judgment.

1

Because Vineyard is proceeding pro se, this proceeding is before the undersigned pursuant to Local Rule 72-302(c)(21), and 28 U.S.C. § 636(b)(1).

It appears from the documents filed by Vineyard that she is asking this court to amend a 1993 judgment entered by the U.S. District Court for the Southern District of Florida. That judgment appears to relate to proceedings in the U.S. Bankruptcy Court for the Southern District of Florida. According to Vineyard, she is the assignee of two judgment debtors in those apparently related proceedings. Although Vineyard's filings are not clear, it appears that the bankruptcy court issued an order assigning those judgments to Vineyard as the court-appointed collection clerk. Her motion requests this court to amend the judgment to designate a successor in interest to the judgment debtor. According to Vineyard, the judgment debtor named in the judgment, Hangtown Leasing Company, changed its name to Dead Oak Estates, Inc.

The court is unable to discern what, if any, jurisdictional basis exists for this court to amend a judgment entered in the Southern District of Florida. Nor does Vineyard provide any authority for the procedure she requests as an appropriate means for addressing the change in names of the judgment debtor. Vineyard provides no information on whether she makes the instant motion pursuant to any Rule of the Federal Rules of Civil Procedure or any federal statute or case authority. It is clear, however, that Vineyard seeks more than simple registration of a foreign judgment pursuant to 28 U.S.C. § 1963.

As a general matter, motions to amend or modify judgments are made pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). However, if a motion made pursuant to Fed. R. Civ. P. 59(e) is not brought within ten days after the entry of the judgment, the district court lacks jurisdiction to hear the motion. Fed. R. Civ. P. 59(e); *Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992). The ten-day requirement is clearly not met with respect to this 1993 judgment. Furthermore, although a judgment may be registered in many districts, any motion to modify or annul the judgment under Fed. R. Civ. P. 60(b) must be presented to the court that rendered the judgment. *Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite*

*Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000) (citing *Indian Head Nat'l Bank of Nashua v. Brunelle*, 689 F.2d 245 (1st Cir. 1982) and *First Beverages, Inc. v. Royal Crown Cola Co.*, 612 F.2d 1164, 1172 (9th Cir. 1980)).  Vineyard has failed to comply with this requirement.

Because Vineyard provides no authority for this court to amend or alter a judgment rendered by the Southern District of Florida, it is hereby recommended that the request to amend the judgment be denied and that the Miscellaneous Action No. CIV S-06-mc-0061 WBS PAN (EFB) be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 14, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

EFB:mb
Bumgardner0061.amend judgment.ord

3