IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNA BUMGARDNER, et al.,

      Plaintiffs,                              No. CIV S-06-2205 WBS EFB

      vs.

JOHN KUPKA, et al,                          <u>ORDER</u>

      Defendants.

_____/

      This action was initiated by Susan Vineyard ("Vineyard"), the assignee of record, to register a foreign judgment in this district. The judgment was registered on May 17, 2006, and Vineyard has been proceeding to enforce the judgment through various debtor examinations. On December 21, 2007, counsel filed two applications for an order that two third parties – Lodi Airport Corporation and Verne G. Sanders, Jr. – appear for examination in connection with the enforcement proceedings.

      Pursuant to Fed. R. Civ. P. 69(a), the "procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located . . . ." Here, Vineyard acknowledges the applicability of California state law. In each application for an order to appear for examination, counsel indicates that pursuant to California Code of Civil Procedure §§ 491.150 or 708.160, an affidavit

1

supporting the application is attached.[1]  However, no such affidavit is attached to either application.  The court therefore has no basis to determine whether or not these third parties should be ordered to appear for examinations in connection with the judgment enforcement proceedings.  Accordingly, the court denies both applications without prejudice to refiling with the required affidavits, and the debtor examinations previously calendared for January 23, 2008, are vacated.

SO ORDERED.

DATED: January 15, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Cal. Civ. Proc. Code § 708.120 provides, in relevant part:

*Upon* ex parte application by a judgment creditor who has a money judgment and *proof by the judgment creditor by affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250), the court shall make an order directing the third person to appear before the court* . . . . The affidavit in support of the judgment creditor's application may be based on the affiant's information and belief (emphasis added).

Section 491.150, through reference to § 491.110, includes a substantially similar provision.

2