IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNA BUMGARDNER, et al.,

      Plaintiffs,                               No. CIV S-06-2205 WBS EFB

  vs.

JOHN KUPKA, et al,                           ORDER

      Defendants.

      This action was initiated by Susan Vineyard ("Vineyard"), the assignee of record, to register a foreign judgment in this district. The judgment was registered on May 17, 2006, and Vineyard has been proceeding to enforce the judgment through various debtor examinations. On February 25, 2008, counsel filed an application for an order that a third party, Daryl Katcher, appear for examination in connection with the enforcement proceedings.

      As previously explained in the court's January 15, 2008, order, pursuant to Fed. R. Civ. P. 69(a), the "procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located . . . ." As previously noted, Vineyard acknowledges the applicability of California state law. In the application for an order to appear for examination, counsel indicates that pursuant to California Code of Civil Procedure §§ 491.110 or 708.120, an affidavit supporting the application is

1

attached.[1]  However, once again, no such affidavit is attached to the application.  The court therefore has no basis to determine whether or not these third parties should be ordered to appear for examinations in connection with the judgment enforcement proceedings.  Accordingly, the court denies the application without prejudice to refiling with the required affidavits.

SO ORDERED.

DATED:  February 26, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Cal. Civ. Proc. Code § 708.120 provides, in relevant part:

*Upon* ex parte application by a judgment creditor who has a money judgment and *proof by the judgment creditor by affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250), the court shall make an order directing the third person to appear before the court* . . . . The affidavit in support of the judgment creditor's application may be based on the affiant's information and belief (emphasis added).

Section 491.110 includes a substantially similar provision.

2