IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNA BUMGARDNER, et al.,

           Plaintiffs,

     vs.

JOHN KUPKA, et al.,

           Defendants.

No. CIV S-06-2205 WBS EFB

<u>ORDER</u>

       This action was initiated by Susan Vineyard ("Vineyard"), the assignee of record, to register a foreign judgment in this district. The judgment was registered on May 17, 2006, and Vineyard has been proceeding to enforce the judgment through various debtor examinations. On April 22, 2010, counsel filed applications for orders that third parties Cynthia Kupka and Robert Kupka appear for examination in connection with the enforcement proceedings. Dckt. Nos. 57, 58.

       As previously explained in this action, pursuant to Federal Rule of Civil Procedure 69(a), "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located . . . ." In the applications for orders to appear for examination, counsel indicates that pursuant to California Code of Civil Procedure §§ 491.110 or 708.120, affidavits supporting the applications are

1

attached thereto.[1]  However, no such affidavits are attached.  The court therefore has no basis to determine whether or not these third parties should be ordered to appear for the requested examinations.  Accordingly, the applications are denied without prejudice to refiling with the required affidavits.[2]

SO ORDERED.

DATED:  April 26, 2010.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1]  Cal. Civ. Proc. Code § 708.120 provides, in relevant part:

> Upon ex parte application by a judgment creditor who has a money judgment and proof by the judgment creditor by affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250), the court shall make an order directing the third person to appear before the court . . . . The affidavit in support of the judgment creditor's application may be based on the affiant's information and belief.

Section 491.110 includes a substantially similar provision.

[2]  Counsel also failed to sign one of the applications.  *See* Dckt. No. 58.

2