AT-138, EJ-125

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| J. RUSSELL CUNNINGHAM, SBN 130578<br>DESMOND, NOLAN, LIVAICH & CUNNINGHAM<br>1830 15th Street<br>Sacramento, CA  95811<br><br>TELEPHONE NO.: (916) 443-2051   FAX NO.: (916) 443-2651<br>ATTORNEY FOR (Name): SUSAN VINEYARD | |
| NAME OF COURT: UNITED STATES DISTRICT COURT<br>STREET ADDRESS: 501 I Street, 4F Room 200<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Sacramento, CA 95814<br>BRANCH NAME: Eastern District of California | |
| PLAINTIFF: SUSAN VINEYARD, assignee of PHILIP SHERIDAN and CARDINAL CORPORATION<br>DEFENDANT: JOHN KUPKA and HANGTOWN LEASING COMPANY, a Delaware Corporation. | |
| **APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION**<br>[X] ENFORCEMENT OF JUDGMENT    [ ] ATTACHMENT (Third Person)<br>[ ] Judgment Debtor   [X] Third Person | CASE NUMBER:<br>2:06-CV-02205-WBS-EFB |

**ORDER TO APPEAR FOR EXAMINATION**

1. TO (name): ROBERT KUPKA
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. [ ] furnish information to aid in enforcement of a money judgment against you.
   b. [X] answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. [ ] answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

Date: June 2, 2010    Time: 10:00a.m.   Dept. or Div.:    Rm.:
Address of court [ ] shown above [X] is: 501 I Street, 8th Floor, Courtroom 24
Sacramento, CA 95814

3. This order may be served by a sheriff, marshal, registered process server, or the following specially appointed person (name):

Date: 4-28-2010

JUDGE OR REFEREE

This order must be served not less than 10 days before the date set for the examination.
**IMPORTANT NOTICES ON REVERSE**

**APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION**

4. [ ] Judgment creditor   [X] Assignee of record   [ ] Plaintiff who has a right to attach order
   applies for an order requiring (name): ROBERT KUPKA   to appear and furnish information
   to aid in enforcement of the money judgment or to answer concerning property or debt.
5. The person to be examined is
   [ ] the judgment debtor
   [X] a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under Code of Civil Procedure section 491.110 or 708.120 is attached.
6. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.
7. [ ] This court is not the court in which the money judgment is entered or (attachment only) the court that issued the writ of attachment. An affidavit supporting an application under Code of Civil Procedure section 491.150 or 708.160 is attached.
8. [ ] The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: April 27, 2010

J. Russell Cunningham
(TYPE OR PRINT NAME)               (SIGNATURE OF DECLARANT)
(Continued on reverse)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>AT-138, EJ-125 [Rev. July 1, 2000] | **APPLICATION AND ORDER<br>FOR APPEARANCE AND EXAMINATION**<br>(Attachment — Enforcement of Judgment) | Legal<br>Solutions<br>Plus | Code of Civil Procedure<br>§§ 491.110, 708.110, 708.120 |

---

**APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)**

**NOTICE TO JUDGMENT DEBTOR** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

---

**APPEARANCE OF A THIRD PERSON
(ENFORCEMENT OF JUDGMENT)**

**(1) NOTICE TO PERSON SERVED** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

**(2) NOTICE TO JUDGMENT DEBTOR** The person in whose favor the judgment was entered in this action claims that the person to be examined pursuant to this order has possession or control of property which is yours or owes you a debt. This property or debt is as follows *(Describe the property or debt using typewritten capital letters)*:

$4,410,849.20

If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and have a copy personally served on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for the examination to establish your claim of exemption or your exemption may be waived.

---

**APPEARANCE OF A THIRD PERSON (ATTACHMENT)**

**NOTICE TO PERSON SERVED** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.

---

**APPEARANCE OF A CORPORATION, PARTNERSHIP,
ASSOCIATION, TRUST, OR OTHER ORGANIZATION**

It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.

---

AT-138, EJ-125 [Rev. July 1, 2000]     **APPLICATION AND ORDER
FOR APPEARANCE AND EXAMINATION**
(Attachment — Enforcement of Judgment)     Page two

J. RUSSELL CUNNINGHAM - SB 130578
ERIC R. GASSMAN - SB 260693
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95814
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for SUSAN VINEYARD,
Assignee of Phillip Sheridan and Cardinal
Corporation, Judgment Creditor

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN VINEYARD, assignee of PHILLIP SHERIDAN and CARDINAL CORPORATION,<br><br>Judgment Creditor,<br><br>v.<br><br>JOHN KUPKA, and HANGTOWN LEASING COMPANY, a Delaware Corporation,<br><br>Judgment Debtors. | CASE NO. 2:06-cv-02205-WBS-PAN<br><br>DECLARATION IN SUPPORT OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS |

I, J. RUSSELL CUNNINGHAM, declare that:

1. I am an attorney duly licensed to practice before all courts in the State of California and the attorney of record for SUSAN VINEYARD, the Assignee of Record of Judgment Creditor PHILLIP SHERIDAN and CARDINAL CORPORATION, and a member of the law firm of DESMOND, NOLAN, LIVAICH & CUNNINGHAM.

2. If called as a witness, I could and would competently testify to the matters set forth in this declaration from my own personal knowledge unless otherwise stated.

3. An Order of Examination has been scheduled for Wednesday, June 2, 2010 at 10:00 a.m., in Courtroom 24, on the 8th Floor of the above-entitled court.

Desmond, Nolan, Livaich & Cunningham
1830 15th Street
Sacramento, CA 95814
(916) 443-2051

4. I am informed and believe, and upon such information and belief, allege that ROBERT KUPKA, is the son of JOHN KUPKA.

5. I am informed and believe, and upon such information and belief, allege that HANGTOWN LEASING COMPANY, a Delaware corporation, is an entity controlled by JOHN KUPKA.

6. JOHN KUPKA and HANGTOWN LEASING COMPANY are the defendants and judgment debtors in the above referenced case.

7. The debtor is a Delaware corporation that was originally incorporated on June 7, 1982, under the name of "Dead Oak Estates, Inc." The debtor's name was changed to "Hangtown Leasing Company" by amendment filed on July 11, 1986. The debtor's name was changed back to "Dead Oak Estates, Inc." by amendment filed on April 4, 2002.

8. Defendant John Kupka, a principal of the debtor, is 83 years old, suffers from dementia, and resides at a nursing home in Lodi, California.

9. Defendant Robert Kupka, an adult child of John Kupka, since at least September 24, 2004 has managed his father's financial affairs pursuant to a power of attorney.

10. Plaintiff Vineyard is the judgment creditor, and the debtor and John Kupka are the judgment debtors, under a money judgment issued by the United States District Court for the Southern District of Florida (Miami Division) on August 31, 1993, that was not discharged in a subsequent bankruptcy of John Kupka. The amount due on the judgment presently exceeds $4 million.

11. On November 29, 2005, a checking account was opened for the debtor at Bank of America's Tahoe City, California branch with an opening deposit of $0.01. The address given for the debtor was John Kupka's personal residence in Cameron Park, California. On December 2, 2005, a $276,000 check for the proceeds of the sale of the debtor's interest in real property in Placer County, California, was deposited into the account. On December 7, 2005, the account was closed by a cash withdrawal of $276,000.01 by Robert Kupka and John Kupka.

12. On May 2, 2008, an Order to Appear for Examination ("ORAP") was served upon attorney Daryl Katcher ("Katcher"), who was the payee of a New York Life Insurance Company

("NYLIC") $2,508.74 per month annuity for the benefit of his client and long-time friend, John Kupka. Following service of the ORAP, for the purpose of evading enforcement of the judgment: (a) Robert Kupka moved John Kupka from his private residence to a nursing home; (b) Katcher cashed and diverted the May 2008 check received from NYLIC; (c) Robert Kupka instructed Katcher to hold uncashed the June 2008, July 2008, and August 2008 checks received from NYLIC; and (d) on August 13, 2008, Robert Kupka directed NYLIC to stop payment on the 3 held checks and to re-issue them to John Kupka in care of the nursing home. In response to the September 22, 2008 levy, Katcher remitted $93.74 to the levying officer.

13. On October 2, 2008, Robert Kupka delivered to the nursing home a $5,300 cashier's check, purchased in John Kupka's name and dated July 18, 2008, from El Dorado Savings Bank.

14. On October 20, 2008, Robert Kupka delivered to the convalescent hospital a second $5,300 cashier's check, purchased in John Kupka's name and dated October 16, 2008, from El Dorado Savings Bank.

15. On August 21, 2009, the bankruptcy court granted DNL-1, Trustee's motion to approve a compromise with Vineyard authorizing Vineyard to collect assets on behalf of the bankruptcy estate of Dead Oak Estates..

16. On March 26, 2010, the Honorable John A. Mendez, in Eastern District of California Case No. 2:09-cv-00076, issued a judgment in favor of Vineyard awarding $7,526.22 damages against Katcher and ordering Katcher and NYLIC to turn over the annuity. The complaint was based upon Vineyard's creditor rights against a third-party under California Code of Civil Procedure Section 708.210. Judge Mendez rejected the reasonable necessity exemption asserted by Katcher on behalf of John Kupka pursuant to California Code of Civil Procedure Section 704.140(b).

17. I am informed and believe, and upon such information and belief, allege that ROBERT KUPKA has in his possession or under his control the following documents:

(a) Evidence of title to all real property held by JOHN KUPKA and/or HANGTOWN LEASING COMPANY;

(b) Evidence of title to all real property in which JOHN KUPKA and/or HANGTOWN LEASING COMPANY hold an interest, whether or not JOHN KUPKA and/or

Declaration in Support of Civil Subpoena Duces Tecum

1  HANGTOWN LEASING COMPANY hold title thereto;

2  (c) Evidence of title to all personal property in the names of JOHN KUPKA and/or
3  HANGTOWN LEASING COMPANY, including, but not limited to, cars, trucks, boats, and
4  motorcycles;

5  (d) Evidence of title to all personal property in which in which JOHN KUPKA
6  and/or HANGTOWN LEASING COMPANY hold an interest, whether or not JOHN KUPKA and/or
7  HANGTOWN LEASING COMPANY hold title thereto;

8  (e) All checkbooks, check registers, cancelled checks, bank statements and financial
9  statements in the names of JOHN KUPKA and/or HANGTOWN LEASING COMPANY, or in
10 which JOHN KUPKA and/or HANGTOWN LEASING COMPANY hold an interest;

11 (f) All investment account statements and records reflecting investment accounts in
12 the names of JOHN KUPKA and/or HANGTOWN LEASING COMPANY, or in which JOHN
13 KUPKA and/or HANGTOWN LEASING COMPANY hold an interest;

14 (g) All stock certificates or other documents of ownership in the names of JOHN
15 KUPKA and/or HANGTOWN LEASING COMPANY, or in which JOHN KUPKA and/or
16 HANGTOWN LEASING COMPANY hold an interest;

17 (h) All insurance policies and endorsements naming JOHN KUPKA and/or
18 HANGTOWN LEASING COMPANY as insured or as a beneficiary;

19 (i) Keys to all safe deposit boxes in the names of JOHN KUPKA and/or
20 HANGTOWN LEASING COMPANY, or in which JOHN KUPKA and/or HANGTOWN
21 LEASING COMPANY hold an interest;

22 (j) JOHN KUPKA and/or HANGTOWN LEASING COMPANY's business
23 license(s);

24 (k) All pay stubs or evidence of compensation paid to JOHN KUPKA and/or
25 HANGTOWN LEASING COMPANY from 2003 through the present;

26 (l) Evidence of any annuities in the names of JOHN KUPKA and/or HANGTOWN
27 LEASING COMPANY, or in which JOHN KUPKA and/or HANGTOWN LEASING COMPANY
28 hold an interest;

1    (m) Evidence of any judgments, judgment liens, arbitration awards, actions or causes of action in favor of JOHN KUPKA and/or HANGTOWN LEASING COMPANY, or in which JOHN KUPKA and/or HANGTOWN LEASING COMPANY hold an interest;

(n) Evidence of any judgments, loans, or other obligations against the JOHN KUPKA and/or HANGTOWN LEASING COMPANY;

(o) Records of accounts payable and receivable in the names of JOHN KUPKA and/or HANGTOWN LEASING COMPANY, or in which JOHN KUPKA and/or HANGTOWN LEASING COMPANY hold an interest;

(p) All documents reflecting any interests in real property held by JOHN KUPKA and/or HANGTOWN LEASING COMPANY, including, but not limited to, contract rights, purchase options, promissory notes, and deeds of trust;

(q) All partnership agreements in which JOHN KUPKA and/or HANGTOWN LEASING COMPANY hold an interest;

(r) All Articles of Incorporation of corporate entities in which JOHN KUPKA and/or HANGTOWN LEASING COMPANY hold an interest;

(s) All documents reflecting JOHN KUPKA and/or HANGTOWN LEASING COMPANY's interest in any trusts, including but not limited to the Kupka Family Trust; and

(t) Copy of the Kupka Family Trust.

18.   I believe that the above-referenced documents are material to the proper presentation of this case by reason of the following facts: These documents, papers and records are necessary to properly conduct the examination of ROBERT KUPKA pursuant to the Order of Examination, and, as a result, pray that the Subpoena Duces Tecum issue.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed this 23 day of April, 2010, in Sacramento, California.

                                                                    /s/ J. RUSSELL CUNNINGHAM
                                                                       J. Russell Cunningham